William J. Flynn, State Bar No. 95371
Scott M. De Nardo, State Bar No. 216749
NEYHART, ANDERSON, FLYNN & GROSBOLL
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Tel. (415) 677-9440
Fax (415) 677-9445
Email: sdenardo@neyhartlaw.com

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(San Francisco Division)

| | |
|---|---|
| SOLANO & NAPA COUNTIES ELECTRICAL WORKERS HEALTH AND WELFARE TRUST FUND; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CAMERON ELECTRIC & LIGHTING DESIGN, a sole proprietorship; ZACHARY ALAN CAMERON, its owner; CAMERSON ELECTRIC dba CAMERON ELECTRIC & LIGHTING DESIGN, <br><br> Defendants. | Case No.  C-07-04111 VRW <br><br> **MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CAMERON ELECTRIC & LIGHTING DESIGN AND ZACHARY ALAN CAMERON** <br><br> [F.R.C.P. Rule 55(a)] <br><br> Date:         April 10, 2008 <br> Time:        2:30 p.m. <br> Courtroom: 6, 17th Floor <br> Location:   450 Golden Gate Avenue <br>                   San Francisco, CA 94102 <br> Judge:  Chief Judge Vaughn R. Walker |

# I.

## INTRODUCTION

This is an ERISA collection case and an action to enforce a collective bargaining agreement and/or related, incorporated Trust Agreements. Defendant CAMERON ELECTRIC LIGHTING & DESIGN is an electrical industry contractor and sole proprietorship owned by Defendant ZACHARY ALAN CAMERON (collectively referred to as "Cameron" or the "Defendants"). Cameron is primarily engaged in the business of installation and testing of electrical wiring and circuits in and around Napa and Solano Counties, California and is signatory to a contract with Plaintiff LOCAL 180 of the INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS (the "Union"). A true and correct copy of the signature pages and the applicable collective bargaining agreements are attached to the Complaint as Exhibits A-D and described in paragraph 5 of the Complaint. The contracts require that Cameron submit monthly transmittals and contributions to Plaintiffs SOLANO & NAPA COUNTIES ELECTRICAL WORKERS HEALTH & WELFARE TRUST FUND; SOLANO & NAPA COUNTIES ELECTRICAL WORKERS LABOR & MANAGEMENT COMMITTEE: I.B.E.W. LOCAL 180 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOLANO AND NAPA COUNTIES ELECTRICAL WORKERS PENSION TRUST FUND; SOLANO & NAPA COUNTIES ELECTRICAL WORKERS PROFIT SHARING PLAN (hereinafter, the "Trusts" or "Funds") based on the number of hours of covered work for employees represented by the Union. The Plaintiff Trusts provide benefits to Cameron's covered employees based on the hours reported on monthly transmittals. After Cameron failed to remit contributions owed on covered hours worked, this action ensued.

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-2-

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION FOR DEFAULT JUDGMENT
Case No. C-07-04111 VRW

Both Defendants were served on or about August 21, 2007. When an answer was not filed, default was entered on September 28, 2007. Under FRCP 55, the only issue that remains is damages.

## II.

## FACTS

The facts concerning damages are outlined in the Declarations of Mark H. Lipton and Scott M. De Nardo filed concurrently herewith. Mark H. Lipton is employed by the Solano-Napa Counties Electrical Workers' Pension Plan, which serves as collection and disbursement agent for all of the above trusts as well as the other funds listed as Plaintiffs in this action, as Trust counsel. (Lipton DCN ¶ 1). His declaration specifies the damages sought, including the unpaid principal and liquidated damages owed. (Lipton DCN ¶¶ 2-6). As of December 31, 2007 the balance still due and owing on unpaid contributions, excluding liquidated damages and interest, was $54,288.92 and liquidated damages calculated at a rate of ten percent is $9,526.50. (Lipton DCN ¶ 6). The liquidated damages figure is greater than ten percent of the outstanding principal sought in this motion because various third parties have made payments that were applied to delinquent principal amounts. (Lipton DCN ¶ 6).

Rather than use the twenty percent liquidated damages and daily compounding interest allowed under 29 U.S.C. section 1132(g)(2) and/or the applicable Trust Fund agreements, liquidated damages were calculated at ten percent of outstanding principal and interest waived for ease of calculation. (Lipton DCN ¶ 6). This results in a savings for the Defendant.

The attorney's fees and costs sought are detailed in the Declaration of Scott M. De Nardo filed concurrently with this memorandum. When an employer defaults under the collective bargaining agreement's terms and conditions concerning Trust Fund obligations, the Union and

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-3-

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION FOR DEFAULT JUDGMENT
Case No. C-07-04111 VRW

Trust Funds are entitled to Attorney's fees and costs. (Lipton DCN ¶ 6). Attorneys fees are sought at the rate that is charged the client, i.e. $235.00 per hour for the services of Mr. De Nardo, plus out-of-pocket costs. (DeNardo DCN ¶ 2). The total sought for fees and costs is $4,992.32. (DeNardo DCN ¶ 2 and Exhibit "A" attached thereto).

The total judgment sought is, therefore, $68,807.74.

### III.

### PLAINTIFFS ARE ENTITLED TO JUDGMENT IN THE AMOUNTS REQUESTED

Before default of judgment may be entered, entry of default must first be entered. FRCP 55. As aforementioned, the default of the Defendants was entered on September 28, 2007 in this matter.

**A.    Merits of Plaintiffs' Substantive Claims for Damages**

Damages in this case are governed by 29 U.S.C. § 1132(g)(2) which provides that when a plan receives judgment under 29 U.S.C. § 1145 (the statute allowing plans to sure for unpaid contributions):

> the court shall award the plan--
> (A)    the unpaid contributions,
> (B)    interest on the unpaid contributions,
> (C)    an amount equal to the greater of --
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 Percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (A).
> (D)    reasonable attorneys fees and costs of the action, to be paid by the Defendant, and
> (E)    such other legal or equitable relied as the court deems appropriate.

This section further provides that interest under this section is to be determined using the

Neyhart,
Anderson,
Flynn &
Grosboll
Attorneys at Law

-4-

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION FOR DEFAULT JUDGMENT
Case No. C-07-04111 VRW

rate provided under the plan, or, in none, the rate prescribed under § 6621 of Title 26.

In this case, the applicable agreements provide liquidated damages at the rate of ten percent (10%) which is increased to twenty percent (20%) after referral to legal counsel, as well as interest at the rate of twelve percent (12%). (Lipton DCN ¶ 2 and Complaint ¶9). In *Operating Engineers Pension Trust v. Reed* (9th Cir. 1984) 726 F.2d 513, the Court held that the items listed in § 1132(g)(2) are mandatory and the court must award them. There is no discretion. But, in the interests of obtaining an expeditious judgment and for ease of calculation of the damages owed, Plaintiff Trusts are only requesting liquidated damages at the rate of (10%) and waiving the interest owed on the unpaid delinquent principal.

Moreover, the collective bargaining agreement states that in the event that an employer defaults under the terms and conditions of the collective bargaining agreement pertaining to Trust Fund obligations, the Trust Funds and/or Union are entitled to reasonable attorney's fees and costs. (Complaint ¶ 9).

The amount of judgment sought is the sum of $68,807.74 as set forth in Complaints and the Declarations of Scott M. De Nardo and Mark H. Lipton, as well as any principal, liquidated damages and interest associated with the Defendants' improper reporting that may be discovered during any forthcoming audit.

The showing by Plaintiffs is sufficient. The court must award principal, liquidated damages, prejudgment interest, and attorney's fees and costs. The amounts sought by Plaintiffs are appropriate. Therefore, judgment should be entered as requested.

**B.    There Can Be No Dispute Concerning Material Facts**

There could be no dispute of any material fact as to liability. The material facts concerning Defendants' being bound to a collective bargaining agreement and Defendants'

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-5-

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION FOR DEFAULT JUDGMENT
Case No. C-07-04111 VRW

liability thereunder for unpaid employee benefit contributions, liquidated damages and interest discovered owing, as well as any attorney's fees and costs associated with this action are admitted by the default.

### IV.

### CONCLUSION

The showing by Plaintiffs herein and in the papers filed herewith are sufficient. Therefore, the Court must award the amount of $68,807.74, which represents $54,288.92 in unpaid fringe benefit contributions, $9,526.50 in liquidated damages through December 31, 2007 with interest continuing to accrue thereafter and $4,992.32 in reasonable attorney's fees and costs. In order to expedite the Court's decision on this matter, the Plaintiffs have agreed to limit their claim to liquidated damages to ten percent (10%) of the principal amounts owed and waive any interest charges. Based on the foregoing, Plaintiffs Motion for Default Judgment should be granted.

Dated: February 17, 2008

Respectfully submitted,

NEYHART, ANDERSON,
FLYNN & GROSBOLL

By: _____
Scott M. De Nardo
Attorneys for Plaintiffs

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104. On February 14, 2008, I served the within:

**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CAMERON ELECTRIC & LIGHTING DESIGN AND ZACHARY ALAN CAMERON**

on the parties in said cause following our business practice, with which I am readily familiar. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I placed a true copy of the within document enclosed in a sealed envelope with first class postage thereon fully prepaid for collection and deposit on the date shown below in the United States mail at San Francisco, California addressed as follows:

CAMERON ELECTRIC & LIGHTING DESIGN
2412 3rd Street
Napa, CA 94559

ZACHARY ALAN CAMERON
2412 3rd Street
Napa, CA 94559

CAMERON ELECTRIC dba CAMERON ELECTRIC & LIGHTING DESIGN
2412 3rd Street
Napa, CA 94559

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on February 14, 2008, at San Francisco, California.

*Judy Dunworth*

NEYHART,
ANDERSON,
FLYNN &
GROSBOLL
ATTORNEYS AT LAW

-7-

MEMORANDUM OF POINTS AND AUTHORITIES I/S/O MOTION FOR DEFAULT JUDGMENT
Case No. C-07-04111 VRW