IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SOLANO & NAPA COUNTIES ELECTRICAL          No   C 07-4111   VRW
WORKERS HEALTH AND WELFARE TRUST
FUND, et al,                                    ORDER

        Plaintiffs,

        v

CAMERON ELECTRIC & LIGHTING
DESIGN, a sole proprietorship;
ZACHARY ALAN CAMERON, its owner;
and CAMERON ELECTRIC d/b/a
CAMERON ELECTRIC & LIGHTING
DESIGN

        Defendants.
                                      /

        Plaintiffs seek default judgment on grounds that defendants Cameron Electric & Lighting Design and Zachary Alan Cameron ("defendants") failed to contribute to multi-employer benefit plans as required by applicable collective bargaining agreements. Plaintiffs seek damages under 29 USC § 1132(g)(2). Doc #13 at 4-5. For reasons discussed below, plaintiffs' motion for default judgment is GRANTED.

Plaintiffs filed their complaint on August 9, 2007. Doc #1. Defendants were served on August 21, 2007, but did not respond. Doc #4. On September 28, 2007, the clerk entered default. Doc #7. Plaintiffs filed a motion for default judgment and supporting papers on February 19, 2008. Doc ##12-16. Defendants were served by mail on the same day. Doc ##12-16. Defendants did not respond to the motion for default judgment.

On April 10, 2008, the court ordered defendants to show cause in writing by April 20, 2008, why default judgment should not be entered. Doc #18. Plaintiffs served the order to show cause on defendants by mail on April 18, 2008. Doc #19. Defendants have not responded to the order to show cause.

Plaintiffs seek damages of $68,328.28 under 29 USC § 1132(g)(2), comprising $54,288.92 in unpaid fringe benefit contributions, $9,526.50 in liquidated damages and $4,512.86 in attorney fees and costs. Having reviewed the complaint and the declaration in support of default judgment, Doc #14, the court determines that plaintiffs have made a sufficient showing to support the requested judgment.

In particular, the court notes that plaintiffs' fee and cost request is reasonable. Plaintiffs' counsel, Scott M De Nardo, bills plaintiffs $235 per hour for his services. As of the time he wrote his declaration in support of fees, De Nardo had billed plaintiffs for 14.4 hours of work on this matter; he estimates that he spent an additional three hours in researching and drafting the supplemental declaration in support of attorney fees. Doc #20 at ¶4. Thus, plaintiffs request $4,089 in attorney fees.

Applying the principles set forth in In re HPL

2

<u>Technologies, Inc, Securities Litigation</u>, 366 F Supp 2d 912, 921-922 (ND Cal 2005) (Walker, J), the court determines that plaintiffs' fee request is reasonable. Under the 2008 <u>Laffey</u> matrix (adjusted upward for the cost of living in the San Francisco Bay area), an attorney with six years of experience, such as De Nardo, Doc #20 at ¶5, would bill approximately $279 per hour. See United States Attorney's Office for the District of Columbia <u>Laffey</u> Matrix 2003-2008 (http://www.usdoj.gov/usao/dc/Divisions/Civil_ Division/Laffey_Matrix_7.html); U S Office of Personnel Management 2008 Salary Tables (http://opm.gov/oca/08tables/). De Nardo's rate of $235 per hour is reasonable for an attorney of his experience level working in San Francisco. In addition, the court finds that spending 17.4 hours to draft a complaint for damages under 29 USC § 1132(g)(2) and prosecute a motion for default judgment is reasonable, especially given that De Nardo's hourly rate is lower than that suggested by the <u>Laffey</u> matrix. In addition, the request for $423.86 in costs (including the $350 filing fee) is reasonable.

Accordingly, the clerk is DIRECTED to enter judgment against defendants Cameron Electric & Lighting Design and Zachary Alan Cameron in the amount of $68,328.28.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

3